■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. SMITH, Appellant. [773 NYS2d 718]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 22, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to withdraw his guilty plea on the ground that the plea was not voluntarily, knowingly and intelligently entered (*see generally People v Fiumefreddo*, 82 NY2d 536, 543-544 [1993]). The record establishes that defendant's plea colloquy was thorough, and defendant had numerous opportunities to object to the proceedings or otherwise to express confusion or doubt and failed to do so. Defendant indicated that he had no physical or mental problems that would prevent him from understanding the proceedings, that he was not threatened or forced into entering his guilty plea and that he was satisfied with the representation provided by his attorney. The affidavit of defendant's father asserting that defendant suffers from a learning disability does not compel the conclusion that the court abused its discretion in denying defendant's motion. The court "had no indication at the time of the plea that defendant suffered any mental deficiency and, despite the submission on the motion to withdraw of some evidence of mental deficiencies, the motion was not supported by evidence demonstrating that defendant's plea was not knowing and voluntary" (*People v D'Adamo*, 281 AD2d 751, 752 [2001]). Finally, defendant is not entitled to withdraw his guilty plea based on his belated and unsupported assertion of innocence. During the plea colloquy, defendant admitted without equivocation that on the date in question he possessed a loaded handgun that he intended to use

unlawfully against a specific person, and the record establishes that the guilty plea " 'was voluntarily made with the advice of counsel following an appraisal of all the relevant factors' " (*People v May,* 305 AD2d 1095, 1095 [2003], *lv denied* 100 NY2d 622 [2003], quoting *People v Dixon,* 29 NY2d 55, 57 [1971]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Lawton, JJ.