◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BASTIAN, Appellant. [775 NYS2d 687]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 27, 2001. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree and scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of scheme to defraud in the first degree, vacating the sentence imposed thereon and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment of Monroe County Court convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35) and scheme to defraud in the first degree (§ 190.65 [1] [b]). We agree with defendant that the conviction of scheme to defraud violates his constitutional double jeopardy rights because he was prosecuted for and convicted of the same offense in Livingston County Court, and we affirmed that judgment of conviction (*People v Bastian,* 294 AD2d 882 [2002], *lv denied* 98 NY2d 694 [2002]). The People contend that defendant waived review of his double jeopardy contention by raising it at sentencing but then indicating that he did not wish to withdraw his guilty plea. We reject the People's contention. Defense counsel's comments during sentencing cannot be considered a waiver of the constitutional double jeopardy claim on the scheme to defraud count where, as here, the plea also encompasses another count for which there is no constitutional double jeopardy claim. Moreover, although a constitutional double jeopardy claim may be encompassed by a waiver of the right to appeal (*see People v Muniz,* 91 NY2d 570, 573-575 [1998]), here defendant did not waive his right to appeal with respect to his constitutional double jeopardy claim, either by an express waiver of the right to appeal with respect thereto or by a general waiver of the right to appeal. We therefore modify the judgment by reversing that part convicting defendant of scheme to defraud in the first degree, vacating the sentence imposed thereon and dismissing count two of the indictment. Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.