■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN S. STEIN, Appellant. [859 NYS2d 890]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 24, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Hurlbutt, J.P., Smith, Lunn, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. NUDD, Appellant. [861 NYS2d 879]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered April 24, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [3]), defendant contends that County Court abused its discretion in denying his motion to withdraw his guilty plea on the ground that he was mentally incompetent at the time of the plea and thus that it was not voluntarily, knowingly and intelligently entered. We reject that contention. The record establishes that defendant was examined and found to be competent prior to the plea proceeding and that the plea colloquy was thorough (*see generally People v Smith*, 5 AD3d 1095 [2004], *lv denied* 2 NY3d 807 [2004]; *People v Bennefield*, 306 AD2d 911 [2003]). "Although the record indicates that defendant had previously undergone psychiatric treatment, '[t]here was not the slightest indication that defendant was uninformed, confused or incompetent' when he entered the plea" (*People v Klein*, 11 AD3d 959, 959 [2004], quoting *People v Alexander*, 97 NY2d 482, 486 [2002]). We thus reject the further contention of defendant that his waiver of the right to appeal was invalid based upon his alleged limitations, and that valid waiver encompasses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Hurlbutt, J.P., Smith, Lunn, Green and Gorski, JJ.