■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER D'AGOSTINO, Appellant. [865 NYS2d 75]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered October 19, 2007, convicting defendant, upon his plea of guilty, of criminal possession of marijuana in the first degree, and sentencing him to a term of three years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant made a valid waiver of his right to appeal. Therefore, the only claims raised on this appeal that would survive the waiver are defendant's challenges to the voluntariness of his plea and the effectiveness of his representation by counsel in connection with the plea (*see People v Parilla*, 8 NY3d 654, 660 [2007]). However, we find that the plea was voluntary (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]), that the court properly denied defendant's motion to withdraw it (*see*

*People v Frederick*, 45 NY2d 520 [1978]), and that counsel provided effective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Defendant agreed to a disposition whereby he would plead guilty to the sole count of the indictment and receive a sentence of $2^{1}/_{2}$ years. The court also imposed other conditions, including a requirement that defendant surrender the tenancy of his apartment, which had been an instrumentality of the crime, and which, in any event, was already the subject of a civil eviction proceeding. The court also warned defendant that if he failed to acquiesce in his eviction prior to sentencing, the court could impose any sentence authorized by law, up to the maximum of $5^{1}/_{2}$ years.

Subsequently, defendant, represented by new counsel, moved unsuccessfully to withdraw his plea. Since defendant had failed to surrender his apartment (from which he was ultimately evicted), the court sentenced him to three years instead of $2^{1}/_{2}$ years.

In his plea withdrawal motion, and on appeal, defendant's principal argument is that his plea was rendered involuntary because the court misled him into believing that his only options were to accept the offered disposition or go to trial, whereas a third option was to plead guilty to the indictment "unconditionally," pursuant to CPL 220.10 (2). He similarly argues that his counsel provided ineffective assistance by failing to correct this misimpression. Even assuming that defendant was unaware of the third option, defendant has not shown how he was prejudiced by that lack of knowledge. While under an unconditional plea the court would not have been able to insist that defendant surrender his tenancy (which, as noted, defendant did not in fact surrender, and which he lost by way of Civil Court proceedings), such a plea would have permitted the court to impose any prison sentence up to the maximum permitted by law. There is no reason to believe that defendant was interested in a plea that did nothing to limit his sentencing exposure; rather, it was evident during the extended plea negotiations that defendant sought to significantly reduce his prison term. Likewise, there is no reason to believe that defendant would have been in any better position had he chosen to plead guilty unconditionally. We have considered and rejected defendant's remaining arguments concerning these matters.

Defendant's waiver of his right to appeal forecloses review of his claims regarding the suppression proceedings and his procedural claims regarding his sentencing. As an alternative holding, we also reject them on the merits. Concur—Andrias, J.P., Nardelli, McGuire, Moskowitz and Renwick, JJ.