■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. CAMPBELL, Appellant. [878 NYS2d 537]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered March 24, 2006. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree (two counts), burglary in the first degree (two counts) and grand larceny in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]). We agree with defendant that his waiver of the right to appeal is invalid because neither the written plea agreement nor the plea colloquy established that defendant understood the distinction between the right to appeal and the trial rights he forfeited by pleading guilty (*see People v Moyett*, 7 NY3d 892, 893 [2006]; *People v Williams*, 59 AD3d 339, 341 [2009]; *People v Elcine*, 43 AD3d 1176, 1177 [2007]). The further contention of defendant that he was denied effective assistance of counsel therefore survives the invalid waiver of the right to appeal (*see People v D'Agostino*, 55 AD3d 353 [2008], *lv denied* 11 NY3d 924 [2009]; *People v Stokely*, 49 AD3d 966, 968 [2008]), and it survives the plea to the extent that defendant contends that the plea was infected by the alleged ineffective assistance of counsel (*see People v Gimenez*, 59 AD3d 1088 [2009]). We nevertheless conclude that defendant's contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). To the extent that defendant contends that defense counsel was ineffective because he coerced defendant into pleading guilty, that contention is belied by defendant's statement during the plea colloquy that the plea was not the result of any threats, pressure or coercion (*see People v McKoy*, 60 AD3d 1374 [2009]; *People v Singletary*, 51 AD3d 1334 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Gedin*, 46 AD3d 701 [2007], *lv denied* 10 NY3d 840 [2008]). Further, defendant failed to " 'demonstrate the absence of strategic or other legitimate explanations' " for defense counsel's failure to pursue an extreme emotional disturbance defense and to request a mental competency examination (*People v Benevento*, 91 NY2d 708, 712 [1998]). In any event, the record does not support an extreme emotional disturbance defense, nor does it support the need for a mental competency examination.

We further conclude that County Court did not abuse its discretion in denying defendant's motion to withdraw the plea on the ground of coercion without conducting a hearing inasmuch as the record is devoid of "a genuine question of fact as to the plea's voluntariness" (*Singletary*, 51 AD3d at 1334; *see Gedin*, 46 AD3d 701 [2007]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.