THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SPARCINO, Appellant. [911 NYS2d 923]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 14, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in denying his motion to withdraw the plea on the ground that it was coerced without conducting a hearing. Contrary to the People's contention, the contention of defendant survives his waiver of the right to appeal (*see People v Poleun*, 75 AD3d 1109 [2010]; *People v Wright*, 66 AD3d 1334 [2009], *lv denied* 13 NY3d 912 [2009]). We nevertheless reject defendant's contention. "There exists no hard-and-fast rule [that] prescribes the nature and extent of the fact-finding procedures prerequisite to the disposition of motions to withdraw a plea of guilty previously entered" (*People v Frederick*, 45 NY2d 520, 524-525 [1978]). The court must allow the defendant an opportunity to present his or her claims such that it can make "an informed and prudent determination" (*id.* at 525). Here, defendant was afforded the requisite "reasonable opportunity to advance his claims" at sentencing, where there was extensive discussion of defendant's motion (*id.*; *see generally People v Fiumefreddo*, 82 NY2d 536 [1993]).

Further, the court did not abuse its discretion in denying the motion. Defendant admitted each element of the offense during his plea allocution and did not claim either that he was innocent or that he had been coerced by defense counsel at that time. The court was presented with a credibility determination when defendant moved to withdraw his plea and advanced his belated claims of innocence and coercion, and it did not abuse its discretion in discrediting those claims (*see People v Dixon*, 29 NY2d 55, 56 [1971]; *see also People v Ramos*, 63 NY2d 640, 642-643 [1984]). In addition, the court did not abuse its discretion in discrediting the unsupported and conclusory affidavits of defendant's family members that reiterated defendant's claims of innocence and coercion (*see generally People v Dozier*, 12 AD3d 1176 [2004]; *People v Smith*, 5 AD3d 1095 [2004], *lv denied* 2 NY3d 807 [2004]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.