# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**839**

**KA 08-01499**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL GARNER, JR., DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (RICHARD W. YOUNGMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered June 10, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of one count of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his plea was not knowingly, intelligently and voluntarily entered and thus that Supreme Court erred in denying his motion to withdraw the plea. We reject that contention. "Permission to withdraw a guilty plea rests solely within the court's discretion . . ., and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, *lv denied* 92 NY2d 1053). During the plea colloquy, defendant admitted forcibly stealing the victim's property while his accomplice displayed a firearm, and he acknowledged that he discussed the plea with defense counsel and understood the plea proceedings. Defendant's contention that he was pressured into accepting the plea is belied by his statements during the plea proceedings (*see People v Beaty*, 303 AD2d 965, *lv denied* 100 NY2d 559). In addition, defendant's conclusory and unsubstantiated claim of innocence is belied by his admissions during the plea colloquy (*see People v Wright*, 66 AD3d 1334, *lv denied* 13 NY3d 912), and his claim that he was under "duress" and has no recollection of the plea do not require vacatur of the plea (*see People v Alexander*, 97 NY2d 482, 486). Thus, we conclude that defendant's plea was knowingly, intelligently and voluntarily entered (*see generally People v Singletary*, 51 AD3d 1334, *lv denied* 11 NY3d 741).

We reject defendant's further contention that he was denied effective assistance of counsel. Defendant's contention "survives his guilty plea only to the extent that defendant contends that his plea was infected by the alleged ineffective assistance" (*People v Nieves*, 299 AD2d 888, 889, *lv denied* 99 NY2d 631). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (*People v Ford*, 86 NY2d 397, 404), and that is the case here (*see People v Balanean*, 55 AD3d 1353, *lv denied* 11 NY3d 895). "To the extent that defendant contends that defense counsel was ineffective because he coerced defendant into pleading guilty, that contention is belied by defendant's statement during the plea colloquy that the plea was not the result of any threats, pressure or coercion" (*People v Campbell*, 62 AD3d 1265, 1266, *lv denied* 13 NY3d 795).

Entered:  July 8, 2011                      Patricia L. Morgan
                                            Clerk of the Court