# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

461

KA 10-02425

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THOMAS A. CULVER, JR., DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 6, 2010. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]), defendant contends that he was denied effective assistance of counsel. We reject that contention. Defendant's contention " 'survives his guilty plea only to the extent that defendant contends that his plea was infected by the alleged ineffective assistance' " (*People v Garner*, 86 AD3d 955, 956; *see People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (*People v Ford*, 86 NY2d 397, 404), and upon our review of the record we conclude that defendant was afforded such meaningful representation here. " 'To the extent that defendant contends that defense counsel was ineffective because he coerced defendant into pleading guilty, that contention is belied by defendant's statement during the plea colloquy that the plea was not the result of any [force] or coercion' " (*Garner*, 86 AD3d at 956), and by his statement "that he was satisfied with the representation of defense counsel" (*People v Strasser*, 83 AD3d 1411, 1411). Under the circumstances of this case, we reject defendant's contention that defense counsel was ineffective when defense counsel allegedly induced defendant to plead guilty by misinforming him of his sentence exposure (*see generally Ford*, 86 NY2d at 404). Misinformation as to the possible sentence to which a defendant is exposed "is [a] factor which must be considered by the court [in determining whether a plea was

knowing, intelligent and voluntary and thus whether the plea was infected by the misinformation, rendering defense counsel ineffective], but it is not, in and of itself, dispositive" (*People v Garcia*, 92 NY2d 869, 870; *see People v Morrison*, 78 AD3d 1615, 1616, *lv denied* 16 NY3d 834).  Indeed, "[w]hether a plea was knowing, intelligent and voluntary is dependent upon a number of factors[,] including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (*Garcia*, 92 NY2d at 870; *see Morrison*, 78 AD3d at 1616).  To the extent that defendant's contention that he was denied effective assistance of counsel is based on matters outside the record, it must be raised by way of a motion pursuant to CPL article 440 (*see People v Johnson*, 81 AD3d 1428, 1428, *lv denied* 16 NY3d 896; *People v Joyner*, 19 AD3d 1129, 1130).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 20, 2012                    Frances E. Cafarell
                                            Clerk of the Court