# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

331

KA 12-01249

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

STEPHAN MERRITT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

STEPHAN MERRITT, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 11, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the first degree, robbery in the second degree, attempted robbery in the second degree and robbery in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]) and robbery in the second degree (§ 160.10 [2] [a]). Contrary to defendant's contention, defense counsel did not coerce him to plead guilty by denigrating his pro se motion to withdraw his plea, which motion was based upon defendant's claims of innocence and ineffective assistance of counsel. Instead, defense counsel adopted the motion and advised Supreme Court that he and defendant had discussed defendant's concerns (cf. *People v Mitchell*, 21 NY3d 964, 966). The court "was presented with a credibility determination when defendant moved to withdraw his plea and advanced his belated claims of innocence and coercion," and we conclude that it did not abuse its discretion in discrediting those claims (*People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). " 'Only in the rare instance will defendant be entitled to an evidentiary hearing' " on a motion to withdraw a plea of guilty (*Mitchell*, 21 NY3d at 966), and we conclude that, here, there is no basis for such a hearing. We therefore reject defendant's further contention in his main and pro se supplemental briefs that we should remit this matter for the assignment of new counsel and a de novo determination of the motion.

     To the extent that defendant contends in his pro se supplemental brief that his plea was not voluntary because it was coerced by defense counsel, that contention survives the valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10; *Sparcino*, 78 AD3d at 1509), and it is preserved for our review by his motion to withdraw his plea (*see People v Lopez*, 71 NY2d 662, 665).  We nevertheless conclude that the contention is without merit inasmuch as it is belied by the record (*see People v Culver*, 94 AD3d 1427, 1427-1428, *lv denied* 19 NY3d 1025).  During the thorough plea colloquy, defendant advised the court that he was satisfied with the services of his attorneys, that he had enough time to discuss his plea with those attorneys, that no one had forced him to plead guilty, and that he was pleading guilty voluntarily (*see People v Wolf*, 88 AD3d 1266, 1266-1267, *lv denied* 18 NY3d 863).  To the extent that defendant contends in his pro se supplemental brief that conversations with his attorneys gave rise to ineffective assistance of counsel because he was "stressed out" and "could not think straight" and, thus, that he was coerced into pleading guilty, that contention is based on matters outside the record and must therefore be raised by way of a motion pursuant to CPL article 440 (*see Culver*, 94 AD3d at 1428).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court