# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**499**

**KA 12-01267**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ARMANDO R. TORRES, ALSO KNOWN AS "MONDO,"
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 28, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]). We reject defendant's contention that County Court abused its discretion in denying his motion to withdraw his plea without a hearing (*see People v Merritt*, 115 AD3d 1250, 1250-1251; *see generally People v Mitchell*, 21 NY3d 964, 966). Defendant's belated and unsupported claims of innocence and coercion were insufficient to justify a hearing (*see People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). We reject defendant's further contention that his plea was jurisdictionally defective. Defendant pleaded guilty to the crime charged in the indictment (*cf. People v Castillo*, 8 NY3d 959, 960-961) and, by his guilty plea, defendant forfeited any challenge to the alleged amendment of the indictment (*see People v Martinez*, 52 AD3d 68, 71, *lv denied* 11 NY3d 791). Defendant's valid waiver of the right to appeal precludes review of the factual sufficiency of the plea allocution and forecloses defendant's challenge to the severity of his sentence (*see People v Talley*, 112 AD3d 1347, 1347; *People v Nash*, 38 AD3d 684, 684, *lv denied* 9 NY3d 848). While defendant's contention that his plea was not voluntary survives the waiver of the right to appeal and was preserved by his motion to withdraw his plea, we conclude that the contention is without merit inasmuch as it is belied by the record

(*see Merritt*, 115 AD3d at 1251).