Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 11, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [vi]), defendant contends that his plea *1430 was not knowingly, intelligently, and voluntarily entered and, thus, that County Court erred in denying his motion to withdraw his plea. We reject that contention. “Permission to withdraw a guilty plea rests solely within the court’s discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea” (People v Robertson, 255 AD2d 968, 968 [1998], lv denied 92 NY2d 1053 [1999]; see People v Zimmerman, 100 AD3d 1360, 1361 [2012], lv denied 20 NY3d 1015 [2013]). Here, we perceive no abuse of discretion.
We conclude that “[d]efendant’s contention that he was pressured into accepting the plea is belied by his statements during the plea proceedings” (People v Garner, 86 AD3d 955, 955 [2011]; see generally Zimmerman, 100 AD3d at 1361-1362). We further conclude that, “[t]o the extent that defendant contends that defense counsel was ineffective because he coerced defendant into pleading guilty, that contention is [also] belied by defendant’s statement during the plea colloquy that the plea was not the result of any . . . coercion” (People v Campbell, 62 AD3d 1265, 1266 [2009], lv denied 13 NY3d 795 [2009]).
Defendant contends that his guilty plea was not knowing, intelligent and voluntary because the court failed to advise him of the potential periods of incarceration for an enhanced sentence based upon a postplea arrest, but he failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (see People v Halsey, 108 AD3d 1123, 1124 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant’s contention, “[although [his] initial statements . . . during the factual allocution may have negated [an] essential element of [the crime of criminal contempt in the first degree], his further statements removed any doubt” that he had committed that crime (People v Trinidad, 23 AD3d 1060, 1061 [2005], lv denied 6 NY3d 760 [2005]; see People v Thomas, 56 AD3d 1240, 1240 [2008], lv denied 12 NY3d 763 [2009]).
We agree with defendant that his valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence inasmuch as the court “ ‘failed to advise defendant of the potential periods of incarceration that could be imposed, including the potential periods of incarceration for an enhanced sentence . . . , before he waived his right to appeal’ ” (People v Scott, 101 AD3d 1773, 1774 [2012], lv denied 21 NY3d 1019 *1431 [2013]; see People v Huggins, 45 AD3d 1380, 1380-1381 [2007], lv denied 9 NY3d 1006 [2007]; cf. People v Jackson, 34 AD3d 1318, 1319 [2006], lv denied 8 NY3d 923 [2007]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Present — Smith, J.P, Centra, Carni, Whalen and DeJoseph, JJ.