# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**851**

**KA 13-00614**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MICHAEL N. BONAVITO, DEFENDANT-APPELLANT.

---

ANDREW C. LOTEMPIO, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered November 1, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [3]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his motion to withdraw the plea (*see People v Buske*, 87 AD3d 1354, 1355, *lv denied* 18 NY3d 882; *People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). " 'Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Pillich*, 48 AD3d 1061, 1061, *lv denied* 11 NY3d 793; *see People v Garner*, 86 AD3d 955, 955; *see generally People v Said*, 105 AD3d 1392, 1393, *lv denied* 21 NY3d 1019). Here, defendant's contention that he was under the influence of prescription medication at the time of the offense "did not constitute a protestation of innocence or the assertion of a defense necessitating withdrawal of the plea" (*People v Legault*, 180 AD2d 912, 913, *lv denied* 79 NY2d 1051; *see People v Di Paola*, 143 AD2d 487, 488), inasmuch as intent is not an element of the crime of criminal sexual act in the first degree based upon oral sexual conduct with a person under the age of 11 (*see People v Newton*, 8 NY3d 460, 464; *People v Washington*, 156 AD2d 496, 496-497, *lv denied* 75 NY2d 925; *Di Paola*, 143 AD2d at 488; *see generally* § 15.25).

To the extent that defendant's contention that he received

ineffective assistance of counsel survives his plea of guilty and valid waiver of the right to appeal (*see People v Strickland,* 103 AD3d 1178, 1178), we conclude that it is without merit. " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel' " (*Garner*, 86 AD3d at 956), and that is the case here (*see People v Jackson*, 90 AD3d 1692, 1694, *lv denied* 18 NY3d 958; *People v Gross*, 50 AD3d 1577, 1577).

Finally, defendant's challenge to the factual sufficiency of the plea allocution is encompassed by his valid waiver of the right to appeal (*see People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015; *People v Branch*, 49 AD3d 1206, 1206-1207, *lv denied* 10 NY3d 932).

Entered:  October 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court