# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1155**
**KA 11-02314**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                                                      MEMORANDUM AND ORDER

RASHOD JOHNSON, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 19, 2010. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that his waiver of the right to appeal is invalid because it was not knowingly, voluntarily, and intelligently entered. We reject that contention. The record establishes that County Court engaged defendant " 'in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Ripley*, 94 AD3d 1554, 1554, *lv denied* 19 NY3d 976), and "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see People v Korber*, 89 AD3d 1543, 1543, *lv denied* 19 NY3d 864). We conclude that defendant's "responses during the plea colloquy and his execution of a written waiver of the right to appeal establish that he intelligently, knowingly, and voluntarily waived his right to appeal" (*People v Rumsey*, 105 AD3d 1448, 1449, *lv denied* 21 NY3d 1019; *see generally Lopez*, 6 NY3d at 256), and that valid waiver forecloses any challenge by defendant to the severity of his bargained-for sentence (*see Lopez*, 6 NY3d at 256).

We reject the further contention of defendant that his plea was not knowingly, intelligently, and voluntarily entered and thus that the court erred in denying his motion to withdraw his plea. "Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of discretion unless there is some evidence of

innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053; *see People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015). We perceive no abuse of discretion here. Defendant's claims that he did not "understand this legal proceeding stuff" and that he "didn't really want to take this plea" are belied by his statements during the plea proceeding (*see People v Leach*, 119 AD3d 1429, 1429; *People v Lewicki*, 118 AD3d 1328, 1329, *lv denied* 23 NY3d 1064). The record establishes that "defendant knowingly and intelligently, with neither 'confusion' nor 'coercion' present . . . , and with a full opportunity to assess the advantages and disadvantages of a plea versus a trial . . . , made his election" (*People v Pearson*, 55 AD2d 685, 687).

Entered: November 14, 2014

Frances E. Cafarell
Clerk of the Court