# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1099**

**KA 12-00107**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID COLON, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered September 13, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]), defendant challenges the validity of his waiver of the right to appeal. We conclude that "County Court did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (*People v Bentley*, 63 AD3d 1624, 1625, *lv denied* 13 NY3d 742; *see People v Bradshaw*, 18 NY3d 257, 264; *People v Lopez*, 6 NY3d 248, 256), and that the record establishes that the court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Burt*, 101 AD3d 1729, 1730, *lv denied* 20 NY3d 1060 [internal quotation marks omitted]). Defendant's valid waiver encompasses his challenge to the severity of the sentence (*see generally People v Lococo*, 92 NY2d 825, 827).

Although defendant's contentions that his plea was coerced and that he is innocent survive the valid waiver of the right to appeal (*see People v Merritt*, 115 AD3d 1250, 1251; *People v Lewandowski*, 82 AD3d 1602, 1602), we conclude that those contentions are without merit. "The court was presented with a credibility determination when defendant moved to withdraw his plea and advanced his belated claims of innocence and coercion, and it did not abuse its discretion in discrediting those claims" (*People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). Indeed, we conclude that "defendant's assertions

of innocence and coercion were conclusory and belied by defendant's statements during the plea colloquy" (*People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912; *see People v Allen*, 99 AD3d 1252, 1252).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court