# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**668**

**KA 12-02045**

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DAVID DALE, DEFENDANT-APPELLANT.

---

DAVID DALE, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 3, 2012. The judgment convicted defendant, upon his plea of guilty, of scheme to defraud in the first degree and practice of law by a disbarred attorney.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]) and practice of law by a disbarred attorney (Judiciary Law former § 486). Preliminarily, to the extent that defendant's contention that Supreme Court erred in failing to amend the certified transcript of the stenographic minutes of the plea proceeding is properly before us on this appeal, we conclude that it is unsubstantiated and lacks merit. As a further preliminary matter, to the extent that defendant contends that the court should have recused itself from considering his motion to withdraw his plea, we conclude that the court's discretionary determination to deny recusal was not an abuse of discretion (*see People v Moreno*, 70 NY2d 403, 405-406; *People v Zer*, 276 AD2d 259, 259, *lv denied* 96 NY2d 837). We also conclude that any challenge by defendant to the voluntariness of his waiver of the right to appeal is without merit (*see People v Holman*, 89 NY2d 876, 878; *People v Hayes*, 71 AD3d 1187, 1188, *lv denied* 15 NY3d 852, *reconsideration denied* 15 NY3d 921). Defendant's contention that his plea was not voluntary, knowing and intelligent because he did not recite the underlying facts of the crimes to which he pleaded guilty and merely gave monosyllabic responses to the court's questions is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by defendant's valid waiver of the right to appeal (*see People v Jamison*, 71 AD3d 1435, 1436, *lv denied* 14 NY3d 888). In any event, defendant's contention

lacks merit (*see People v Gordon*, 98 AD3d 1230, 1230, *lv denied* 20 NY3d 932).

Defendant contends that the court erred in denying his motion to withdraw his plea without conducting a hearing and that his plea was not knowingly, intelligently, and voluntarily entered.  Although defendant's contentions survive his waiver of the right to appeal (*see People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746), they lack merit.  We reject defendant's contention that the court erred in failing to conduct an evidentiary hearing before denying his motion.  "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice.  The defendant should be afforded [a] reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (*People v Tinsley*, 35 NY2d 926, 927), and that is what occurred here (*see People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015; *Sparcino*, 78 AD3d at 1509; *People v Dozier*, 12 AD3d 1176, 1176-1177).

Contrary to defendant's further contention, the court properly denied his motion.  It is well settled that " '[p]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Leach*, 119 AD3d 1429, 1430, *lv denied* 24 NY3d 962).  Here, " '[t]he court was presented with a credibility determination when defendant moved to withdraw his plea and advanced his belated claims of innocence and coercion, and it did not abuse its discretion in discrediting those claims' " (*People v Colon*, 122 AD3d 1309, 1310, *lv denied* 25 NY3d 1200).  Indeed, we conclude that defendant's belated claims of innocence, duress, and coercion are unsupported by the record and belied by his statements during the plea colloquy (*see People v Dames*, 122 AD3d 1336, 1336, *lv denied* 25 NY3d 1162; *Dozier*, 12 AD3d at 1177).

Also contrary to defendant's contention, we conclude that "[t]he unsupported allegations . . . that [defense counsel] pressured him into accepting the plea bargain [did] not warrant vacatur of his plea" (*People v Gast*, 114 AD3d 1270, 1271, *lv denied* 22 NY3d 1198 [internal quotation marks omitted]; *see People v Merritt*, 115 AD3d 1250, 1251).  "During the thorough plea colloquy, defendant advised the court that he was satisfied with the services of his attorney[], that he had enough time to discuss his plea with [his] attorney[], that no one had forced him to plead guilty, and that he was pleading guilty voluntarily" (*Merritt*, 115 AD3d at 1251).  Thus, to the extent that defendant also contends that defense counsel was ineffective because he coerced him into pleading guilty, that contention is belied by defendant's statements during the plea colloquy (*see Leach*, 119 AD3d at 1430; *People v Culver*, 94 AD3d 1427, 1427-1428, *lv denied* 19 NY3d 1025).  Moreover, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (*People v Ford*, 86 NY2d 397, 404), and, upon our review of the record, we conclude that

defendant was afforded such representation here (*see People v Frierson*, 21 AD3d 1211, 1212, *lv denied* 6 NY3d 753).  To the extent that defendant contends that certain conversations and interactions with defense counsel gave rise to ineffective assistance of counsel and also established that his plea was involuntary, such contentions are "based on matters outside the record and must therefore be raised by way of a motion pursuant to CPL article 440" (*Merritt*, 115 AD3d at 1251; *see People v Graham*, 77 AD3d 1439, 1440, *lv denied* 15 NY3d 920). We have considered the remaining contentions of defendant relating to the voluntariness of his plea and conclude that they lack merit.

Contrary to defendant's contention, by pleading guilty, he forfeited his claim that his prosecution was barred by New York's statutory protection against double jeopardy (*see People v DeProspero*, 91 AD3d 39, 43, *affd* 20 NY3d 527; *People v Prescott*, 66 NY2d 216, 218, *cert denied* 475 US 1150; *see generally* CPL 40.20).  Moreover, the valid waiver of the right to appeal encompasses both defendant's constitutional and statutory double jeopardy claims (*see People v Muniz*, 91 NY2d 570, 574-575; *People v McLemore*, 303 AD2d 950, 950, *lv denied* 100 NY2d 540; *cf. People v Bastian*, 6 AD3d 1187, 1188).

We dismiss the appeal to the extent that defendant challenges the legality of the sentence inasmuch as he has served the sentence in its entirety, and that part of the appeal therefore is moot (*see People v Balkum*, 288 AD2d 910, 911; *People v Hults*, 231 AD2d 836, 836). Finally, we have reviewed defendant's remaining contentions and, to the extent that they are properly before us on this appeal and not rendered academic as a result of our decision herein, we conclude that they are without merit.

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court