People v Gerena (2019 NY Slip Op 05873)





People v Gerena


2019 NY Slip Op 05873


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


425 KA 16-00639

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN GERENA, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), entered March 28, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that County Court erred in denying his motion to withdraw his plea without conducting a hearing and that his plea was not knowingly, intelligently, and voluntarily entered. We reject those contentions.
Addressing first defendant's contention that the court erred in denying the motion without conducting a hearing, we conclude that defendant's contention lacks merit. "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice. The defendant should be afforded [a] reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (People v Tinsley, 35 NY2d 926, 927 [1974]), and that is what occurred here (see People v Zimmerman, 100 AD3d 1360, 1362 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]; People v Dozier, 12 AD3d 1176, 1176-1177 [4th Dept 2004]).
With respect to defendant's contention that the court should have granted his motion to withdraw his plea, it is well settled that
" [p]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (People v Leach, 119 AD3d 1429, 1430 [4th Dept 2014], lv denied 24 NY3d 962 [2014]), which is lacking here. " The court was presented with a credibility determination when defendant moved to withdraw his plea and advanced his belated claims of innocence and coercion, and it did not abuse its discretion in discrediting those claims' " (People v Colon, 122 AD3d 1309, 1310 [4th Dept 2014], lv denied 25 NY3d 1200 [2015]). Indeed, we conclude that defendant's belated claims of innocence, duress, and coercion are unsupported by the record and belied by his statements during the plea colloquy (see People v Dames, 122 AD3d 1336, 1336 [4th Dept 2014], lv denied 25 NY3d 1162 [2015]; Dozier, 12 AD3d at 1177).
To the extent that defendant contends that his plea was not voluntary because it was coerced by defense counsel, that contention is preserved for our review by defendant's motion to [*2]withdraw his plea (see People v Lopez, 71 NY2d 662, 665 [1988]). Nevertheless, we reject that contention inasmuch as it is belied by the record (see People v Strasser, 83 AD3d 1411, 1411 [4th Dept 2011]; People v Toliver, 82 AD3d 1581, 1582 [4th Dept 2011], lv denied 17 NY3d 802 [2011], reconsideration denied 17 NY3d 862 [2011]). During the thorough plea colloquy, defendant stated that he was satisfied with the services of defense counsel, that he had enough time to discuss his plea with defense counsel, that no one was forcing him to plead guilty, and that he was pleading guilty voluntarily (see Strasser, 83 AD3d at 1411; Toliver, 82 AD3d at 1582). We therefore conclude that "[t]he record establishes that defendant knowingly and intelligently, with neither confusion nor coercion present . . . , and with a full opportunity to assess the advantages and disadvantages of a plea versus a trial . . . , made his election" (People v Johnson, 122 AD3d 1324, 1325 [4th Dept 2014] [internal quotation marks omitted]). Contrary to defendant's further contention, "the fact that defendant was required to accept or reject the plea offer within a short time period does not amount to coercion" (People v Mason, 56 AD3d 1201, 1202 [4th Dept 2008], lv denied 11 NY3d 927 [2009] [internal quotation marks omitted]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court