People v Morris (2020 NY Slip Op 02575)





People v Morris


2020 NY Slip Op 02575


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


421 KA 16-01617

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL MORRIS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 9, 2016. The appeal was held by this Court by order entered October 4, 2019, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (176 AD3d 1635 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [viii]; [b]) and assault in the first degree (§ 120.10 [1]). We previously held the case, reserved decision and remitted the matter to County Court for a ruling on that part of defendant's postplea pro se motion seeking substitution of counsel (People v Morris, 176 AD3d 1635, 1636 [4th Dept 2019]).
Contrary to defendant's contention, we conclude that the court, upon remittal, properly denied the motion insofar as it sought substitution of counsel and did not err in failing to make a minimal inquiry into defendant's objections with respect to defense counsel. Defendant "failed to proffer specific allegations of a seemingly serious request' that would require the court to engage in a minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010]; see People v Konovalchuk, 148 AD3d 1514, 1516 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]). Indeed, defendant's allegations that defense counsel "tricked" him into pleading guilty are belied by the record (see People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
We reject defendant's further contention that the court should have granted his motion to withdraw his plea. It is well settled that " [p]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (People v Leach, 119 AD3d 1429, 1430 [4th Dept 2014], lv denied 24 NY3d 962 [2014]). Here, defense counsel's misstatements to defendant regarding his sentence are not, standing alone, " dispositive' of the issue whether defendant's plea was knowingly and voluntarily entered" (People v Johnson, 24 AD3d 1259, 1259 [4th Dept 2005], lv denied 6 NY3d 814 [2006]; see People v Bryant, 1 AD3d 966, 966-967 [4th Dept 2003]). The record establishes that the court explained defendant's sentence during the plea colloquy, and defendant acknowledged that he was entering the plea knowingly and voluntarily. Defendant's related claims of coercion and trickery are unsupported by the record (see Leach, 119 AD3d at 1430; People v Campbell, 62 AD3d 1265, 1266 [4th Dept 2009], lv denied 13 NY3d 795 [2009]). Additionally, while the record reflects that defendant had a history of requiring speech and language therapy, as well as behavioral issues, there is nothing in the record to suggest that defendant " lacked the capacity to understand the plea proceeding' " (People v Smith, 37 AD3d 1141, 1142 [4th Dept 2007], lv [*2]denied 9 NY3d 851 [2007], reconsideration denied 9 NY3d 926 [2007]; see People v Smith, 5 AD3d 1095, 1095 [4th Dept 2004], lv denied 2 NY3d 807 [2004]; see also People v Scott, 144 AD3d 1597, 1598 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]). The record establishes that defendant was "examined and found to be competent prior to the plea proceeding and that the plea colloquy was thorough" (People v Nudd, 53 AD3d 1115, 1115 [4th Dept 2008], lv denied 11 NY3d 834 [2008]). We therefore conclude that defendant "knowingly and intelligently, with neither confusion nor coercion present . . . , and with a full opportunity to assess the advantages and disadvantages of a plea versus a trial . . . , made his election" (People v Johnson, 122 AD3d 1324, 1325 [4th Dept 2014] [internal quotation marks omitted]).
To the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea, we conclude that it lacks merit. Defendant was afforded meaningful representation inasmuch as he "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Oliver [appeal No. 2], 162 AD3d 1722, 1723 [4th Dept 2018]; see Campbell, 62 AD3d at 1266). Contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe.
Finally, we have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court