People v Rios (2025 NY Slip Op 04424)

People v Rios

2025 NY Slip Op 04424

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., SMITH, OGDEN, DELCONTE, AND KEANE, JJ.

586 KA 19-01727

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL RIOS, DEFENDANT-APPELLANT. 

JOHN J. RASPANTE, UTICA, FOR DEFENDANT-APPELLANT. 
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 10, 2019. The judgment convicted defendant upon his plea of guilty of course of sexual conduct against a child in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [former (b)]), defendant contends that his plea was not knowingly, intelligently, and voluntarily entered and that County Court thus erred in denying his motion to withdraw his plea. We reject that contention. "Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Robertson, 255 AD2d 968, 968 [4th Dept 1998], lv denied 92 NY2d 1053 [1999]; see People v Zimmerman, 100 AD3d 1360, 1361 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). Here, we perceive no abuse of discretion.
Defendant contends that his guilty plea was not knowing, intelligent and voluntary because, when asked by the court whether he understood the offer, he answered "for the most part" and the court did not make further inquiry as to which parts he did not understand. The record demonstrates, however, that, following that answer, the court repeated each term of the offer and defendant repeatedly informed the court that he understood the terms of the plea offer and had no questions (see People v Merritt, 115 AD3d 1250, 1251 [4th Dept 2014], lv denied 30 NY3d 1021 [2017], reconsideration denied 35 NY3d 1068 [2020]; see also People v Torres, 117 AD3d 1497, 1498 [4th Dept 2014], lv denied 24 NY3d 965 [2014]). Defendant's contention that his plea was not knowing, intelligent, and voluntary because he misunderstood the terms of the plea offer with respect to the duration of postrelease supervision, believing that the period would be only 10 years, is similarly unsupported by the record. When explaining the terms of the plea offer to defendant before accepting the plea, the court advised defendant clearly and consistently three separate times that the plea offer included 20 years of postrelease supervision.
We conclude that "[d]efendant's contention that he was pressured into accepting the plea is belied by his statements during the plea proceedings" (People v Garner, 86 AD3d 955, 955 [4th Dept 2011]; see generally Zimmerman, 100 AD3d at 1361-1362).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court