■ THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v SCOTT MCDANIEL, Appellant. [631 NYS2d. 957] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that County Court erred in directing him to make restitution to the victim of his assault in the amount of $2,822.33. Specifically, he contends that it was error to direct him to make restitution for the cost of medical care paid by the victim's insurer and for the sick leave borne by the victim's employer. We disagree with defendant that he should not be required to pay those sums. We agree, however, that, in the particular circumstances presented, those sums should not be paid to the victim of the assault. Payment of those sums to the victim would result in a windfall not envisioned by the restitution statutes *(see, People v Turco,* 130 AD2d 785, 786-787), but restitution may be directed to be made to those other than the direct victim of a crime *(see, e.g., People v Cruz,* 81 NY2d 996, *affg* 184 AD2d 521; *People v Hall-Wilson,* 69 NY2d 154; *People v Chery,* 126 AD2d 659). Here, the victim's insurer paid $341 for medical expenses incurred by the victim as a result of the

assault. The victim's employer paid the victim $544.16 for sick leave used by the victim as a result of the assault. The insurer and the employer are " 'victim[s] in their own right' " *(People v Hall-Wilson, supra,* at 158). Therefore, we modify the judgment by providing that restitution be paid as follows: the sum of $341 to the victim's insurer; the sum of $544.16 to the victim's employer; and the remaining sum of $1,892.17 to the victim. The manner of payment and amount of restitution directed by the court is otherwise affirmed. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Assault, 3rd Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.