■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN BROOKS, Appellant. [847 NYS2d 805]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered January 3, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). We reject the contention of defendant that his waiver of the right to appeal is invalid. The statements of defendant during the plea colloquy unequivocally establish that he understood the proceedings and voluntarily waived the right to appeal (*see People v Moissett*, 76 NY2d 909, 911 [1990]; *People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]). As the People correctly concede, however, the certificate of conviction incorrectly reflects that defendant was convicted of robbery in the first degree and was sentenced to a seven-year term of imprisonment, and it therefore must be amended to reflect that he was convicted of attempted robbery in the first degree and sentenced to a six-year term of imprisonment (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Likewise, the order of commitment, denominated "sentence and commitment," must be amended to reflect the six-year term of imprisonment (*see generally id.*). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.