■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMARIUS CARTER, Appellant. [872 NYS2d 341]—Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered March 5, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention. The record of the plea colloquy demonstrates that defendant understood the terms of the plea agreement and that he knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Quishana M.*, 50 AD3d 1513 [2008], *lv denied* 10 NY3d 938 [2008]). The waiver by defendant of his right to appeal encompasses his challenge to County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]). Although the contention of defendant that the plea was not know-

ingly, voluntarily, and intelligently entered survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review (see People v VanDeViver, 56 AD3d 1118 [2008]). The further contention of defendant that he was denied effective assistance of counsel does not survive his guilty plea or his waiver of the right to appeal inasmuch as "there was no showing 'that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (People v Leonard, 37 AD3d 1148, 1149 [2007], lv denied 8 NY3d 947 [2007]). Finally, the bargained-for sentence is not unduly harsh or severe. Present—Martoche, J.P., Fahey, Green and Pine, JJ.