■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIO B. SMITH, Appellant. [881 NYS2d 350]—Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 23, 2008. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed (see People v Hidalgo, 91 NY2d 733, 737 [1998]). Present—Martoche, J.P., Centra, Peradotto, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAN L. DAVIS, Also Known as "TWANNIE," Appellant. [884 NYS2d 509]—Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered October 24, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]), defendant contends that his waiver of the right to appeal is invalid because County Court failed to inform him that the waiver would include his right to appeal from the court's suppression ruling. We reject that contention. The court "need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (People v Lopez, 6 NY3d 248, 256 [2006]), and defendant indicated at the plea colloquy that he had spoken with defense counsel concerning the waiver of the right to appeal and that he understood the rights he was relinquishing as a result of the waiver of the right to appeal (see generally id.). Thus, the challenge by defendant to the court's suppression ruling is encompassed by his valid waiver of the right to appeal (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Johnson, 60 AD3d 1496 [2009]; People v Carter, 59 AD3d 951 [2009]). Present—Martoche, J.P., Centra, Peradotto, Green and Gorski, JJ.