■ The People of the State of New York, Respondent, v Nathaniel L. Williams, Appellant. [934 NYS2d 900]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). We reject defendant's contention that County Court abused its discretion in denying

his motion to withdraw the plea. Defendant was not entitled to withdraw his plea based upon his misapprehension of the quality of the People's case (*see People v Jones*, 44 NY2d 76, 81 [1978], *cert denied* 439 US 846 [1978]; *People v Gumpton*, 81 AD3d 1441 [2011], *lv denied* 17 NY3d 795 [2011]). In addition, defendant's assertion of innocence and his contention that he was coerced into pleading guilty are belied by his statements at the plea proceeding (*see People v Garner*, 86 AD3d 955 [2011]). "Even assuming, arguendo, that the motion to withdraw the plea preserved for our review defendant's challenge to the factual sufficiency of the plea allocution, we conclude that [such challenge] is without merit" (*People v Conde*, 34 AD3d 1347, 1347-1348 [2006]). Finally, we reject defendant's further contention that the court erred in failing to conduct an evidentiary hearing with respect to his motion to withdraw the plea, inasmuch as "[t]he court afforded defendant the requisite 'reasonable opportunity to present his contentions' in support of that motion" (*People v Strasser*, 83 AD3d 1411, 1411 [2011]). Present—Fahey, J.P., Peradotto, Lindley, Green and Gorski, JJ.