■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE M. KIDD, Appellant. [963 NYS2d 601]—

Stein, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered January 30, 2012, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

As part of an agreement resolving numerous charges against him, defendant pleaded guilty to a superior court information charging him with felony driving while intoxicated and waived his right to appeal. Defendant was advised that he would be subject to a prison term to be followed by a period of conditional discharge, but County Court did not make any further commitments with regard to sentencing beyond directing that the sentence run concurrently with that imposed upon another conviction. County Court ultimately sentenced defendant to a prison term of 1 to 4 years to be followed by a conditional discharge of three years. Defendant now appeals.

While we reject the People's contention that certain of defendant's arguments are unpreserved, we nevertheless affirm.

Inasmuch as defendant pleaded guilty to driving while intoxicated, his participation in an alcohol and drug treatment program was not a mandatory component of his sentence (*see* Vehicle and Traffic Law § 1192 [10] [a] [ii]), and we reject his claim that his plea was invalid based upon County Court's failure to impose it. Moreover, defendant was made aware that a period of conditional discharge would be a component of his sentence, but he was not advised of the duration of that period (*see* Penal Law §§ 60.21, 65.05 [3] [a]; Vehicle and Traffic Law § 1193 [1] [c] [iii]). Contrary to defendant's argument, that omission did not render his plea involuntary because County Court made no commitment as to the length of the conditional discharge to be imposed (*see People v Newman*, 99 AD3d 1107, 1108 [2012]; *People v Cullen*, 62 AD3d 1155, 1156-1157 [2009], *lv denied* 13 NY3d 795 [2009]).

Peters, P.J., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.