# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**766**

**KA 11-01769**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTIAN L. FLAGG, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Erie County Court (Michael F. Pietruszka, J.), rendered July 27, 2011. Defendant was resentenced upon his conviction of driving while intoxicated, a misdemeanor, and vehicular manslaughter in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously modified on the law by vacating the term of probation imposed on count four of the indictment and as modified the resentence is affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of vehicular manslaughter in the second degree (Penal Law § 125.12 [1]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). In appeal No. 1, he appeals from a resentence that added a term of probation with respect to each count requiring defendant to equip with an ignition interlock device (IID) any vehicle owned or operated by him. In appeal No. 2, defendant appeals from the judgment of conviction.

As the People correctly concede in appeal No. 1, the resentence is illegal insofar as County Court directed that defendant serve a term of five years of probation following the indeterminate term of imprisonment of 2 to 6 years on the conviction of vehicular manslaughter in the second degree (*see* Penal Law § 60.01 [2] [d]). Contrary to defendant's contention that the term of imprisonment therefore must be reduced, however, we agree with the People that the proper remedy is to vacate the term of probation imposed on the vehicular manslaughter count. We therefore modify the resentence accordingly. Section 60.21 requires a court to sentence a defendant convicted of a violation of Vehicle and Traffic Law § 1192 (2), (2-a), or (3) to a period of probation or conditional discharge and to order

the installation and maintenance of a functioning IID.  Section 60.21 does not apply, however, to vehicular manslaughter in the second degree (*see* Penal Law § 125.12; William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Penal Law § 60.21; *compare* Vehicle and Traffic Law § 1198 [2] [a]).

Contrary to defendant's contention in appeal No. 2, we conclude that he knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256).  The court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256).  That valid waiver forecloses any challenge by defendant to the court's suppression ruling (*see People v Davis*, 64 AD3d 1190, 1190, *lv denied* 13 NY3d 859), or to the severity of the sentence (*see People v Harris*, 94 AD3d 1484, 1485, *lv denied* 19 NY3d 961; *see generally People v Lococo*, 92 NY2d 825, 827).

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court