■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE O'BRIEN, Appellant. [975 NYS2d 219]—

Rose, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 11, 2012, convicting defendant upon her plea of guilty of the crime of driving while intoxicated.

In August 2011, defendant, whose criminal history includes prior misdemeanor and felony driving while intoxicated convictions, waived indictment and agreed to be prosecuted by a superior court information charging her with the class D felony of driving while intoxicated. Pursuant to a negotiated plea bargain, defendant pleaded guilty to that charge and waived her right to appeal with the understanding that, if she successfully completed substance abuse treatment, she would be sentenced to five years of probation. Defendant was advised at that time, however, that if her treatment was unsuccessful, County Court

would impose a term of incarceration with no commitment as to the sentence. Defendant was thereafter given several opportunities to complete treatment, but failed to comply. In March 2012, the court, with defendant's consent, sentenced her to one year of interim probation, which included, among other things, the agreement that, if defendant's treatment were successful, she would be sentenced to probation with one year of credit and, if she again failed to comply, she would receive a prison sentence. Shortly thereafter, defendant violated the terms of her interim probation. Ultimately, the court imposed a sentence of 2 to 6 years in prison, to be followed by a consecutive sentence of five years of probation with the requirement that she comply with the ignition interlock program. This appeal ensued.

We affirm. Initially, contrary to defendant's argument, County Court's imposition of a period of interim probation prior to her sentencing was authorized by CPL 390.30 (6) (a), and defendant's reliance on *People v Rodney E.* (77 NY2d 672, 674 [1991]), decided prior to the enactment of this statutory provision, is inapposite. Additionally, the court was required to consider defendant's violation of the interim probation conditions in determining the appropriate sentence (*see e.g. People v French*, 72 AD3d 1397, 1397-1398 [2010], *lv denied* 15 NY3d 804 [2010]; *People v Saucier*, 69 AD3d 1125, 1125-1126 [2010]). Finally, we disagree with defendant's contention that it was error for the court to impose a sentence of probation to run consecutively to her prison sentence. Upon defendant's conviction pursuant to Vehicle and Traffic Law § 1192 (2), the court was required to sentence defendant to a consecutive period of probation or conditional discharge pursuant to Penal Law § 60.21, which specifically states that it applies "notwithstanding" Penal Law § 60.01 (2) (d) (*see People v Panek*, 104 AD3d 1201, 1201-1202 [2013]; *see also People v Kidd*, 105 AD3d 1267, 1268 [2013], *lv denied* 21 NY3d 1005 [2013]; *compare People v Flagg*, 107 AD3d 1613 [2013]).

Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.