# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**270**

**KA 10-00732**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARK A. WARE, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 2, 2009. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) and assault in the second degree (§ 120.05 [2]), defendant contends that his waiver of the right to appeal is invalid; his plea was not knowingly and voluntarily entered; and his sentence is unduly harsh and severe. Although we conclude that defendant's waiver of the right to appeal was valid (*see People v Lopez*, 6 NY3d 248, 256; *People v Flagg*, 107 AD3d 1613, 1614), his contention concerning the knowing and voluntary nature of the plea survives the valid waiver (*see People v Robinson*, 112 AD3d 1349, 1349). Nevertheless, the record does not establish that defendant timely moved to withdraw his plea or to vacate the judgment of conviction, and thus his contention is not preserved for our review (*see id.*). In any event, his contention is without merit (*see People v Cox*, 111 AD3d 1310, 1310). Defendant's valid waiver of the right to appeal "forecloses any challenge by defendant to the severity of the sentence" (*People v Pulley*, 107 AD3d 1560, 1561, *lv denied* 21 NY3d 1076).

Entered: March 21, 2014                           Frances E. Cafarell
                                                  Clerk of the Court