# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

297

KA 11-02598

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

JURELL D. BARBER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered September 8, 2010.  The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (§ 265.03 [3]).  Defendant contends in both appeals that his waiver of the right to appeal is invalid.  We reject that contention.  The record establishes that County Court " 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Ripley*, 94 AD3d 1554, 1554, *lv denied* 19 NY3d 976; *see People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912), and that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty (*see People v Lopez*, 6 NY3d 248, 256; *Ripley*, 94 AD3d at 1554; *People v Korber*, 89 AD3d 1543, 1543, *lv denied* 19 NY3d 864).  Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence in appeal No. 1 (*see Lopez*, 6 NY3d at 256).

Although defendant's contention in appeal No. 2 that his guilty plea was not knowing, voluntary and intelligent survives his waiver of the right to appeal, defendant failed to preserve that contention for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Theall*, 109 AD3d 1107, 1107-1108; *People v Rossborough*, 101 AD3d 1775, 1776; *People v*

*Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930), and this case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666).  Although defendant stated during the plea colloquy that he possessed the weapon in his home, he further admitted that he "ha[d] been previously convicted of a[ ] crime" (Penal Law § 265.02 [1]; *see* § 265.03 [3]; *see generally People v Hughes*, 22 NY3d 44, 49-50).  Where, as here, "the defendant has a previous conviction, the [home exception] never comes into play, [and] its inapplicability is not an element of the offense" (*People v Jones*, 22 NY3d 53, 60).

Finally, defendant contends in appeal No. 2 that the indictment was jurisdictionally defective because it did not allege that the home exception was inapplicable (*see* Penal Law § 265.03 [3]).  Although that contention survives his waiver of the right to appeal (*see People v Iannone*, 45 NY2d 589, 600-601; *People v Holmes*, 101 AD3d 1632, 1633, *lv denied* 21 NY3d 944; *People v Crummell*, 84 AD3d 1393, 1394, *lv denied* 17 NY3d 858), it is without merit (*see Jones*, 22 NY3d at 60).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court