# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1202**
**KA 12-01366**
PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TERRENCE DAMES, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 16, 2012. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, his waiver of the right to appeal was knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256; *People v Barber*, 117 AD3d 1430, 1430; *People v Durodoye*, 113 AD3d 1130, 1131). The record establishes that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Barber*, 117 AD3d at 1430). Although defendant's contention that his guilty plea was not knowing, voluntary, and intelligent survives the waiver of the right to appeal and is preserved for our review by his motion to withdraw the plea (*cf. id.* at 1430-1431), it is without merit. His assertions at sentencing that he was innocent, under duress, and coerced into taking the plea were belied by the statements he made during the plea colloquy (*see People v Leach*, 119 AD3d 1429, 1430; *People v Williams*, 90 AD3d 1546, 1547, *lv denied* 19 NY3d 978). The valid waiver by defendant of the right to appeal encompasses his challenges to the severity of the sentence (*see Lopez*, 6 NY3d at 256; *People v Hidalgo*, 91 NY2d 733, 737).

Entered: November 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court