# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**821**

**KA 13-01919**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

PETER GIACONA, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN LEEDS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered January 29, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of vehicular assault in the second degree (§ 120.03 [1]), and one count each of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and reckless driving (§ 1212). In appeal Nos. 3 through 6, defendant appeals from four orders directing him to pay restitution to the two car accident victims and the hospital that treated them in connection with the judgment of conviction in appeal No. 2.

With respect to the judgments in appeal Nos. 1 and 2, our review of County Court's denial of defendant's request for youthful offender treatment is precluded by his waiver of the right to appeal, the validity of which he does not contest (*see People v Pacherille*, 25 NY3d 1021, ___). However, we agree with defendant in appeal No. 2, and the People correctly concede, that his challenge to the legality of the sentence is not foreclosed by the valid waiver of the right to appeal (*see People v Graves*, 96 AD3d 1466, 1466-1467, *lv denied* 19 NY3d 1026). Turning to the merits, defendant contends, and the People further correctly concede, that the imposition of a five-year term of probation with an ignition interlock device with respect to the vehicular assault counts is illegal pursuant to Penal Law § 60.21 (*see*

*People v Flagg*, 107 AD3d 1613, 1614, *lv denied* 22 NY3d 1138), and we therefore modify the judgment accordingly.  Pursuant to section 60.21, the mandatory five-year term of probation with an ignition interlock device only applies to a defendant convicted of a violation of Vehicle and Traffic Law § 1192 (2), (2-a) or (3) (*see Flagg*, 107 AD3d at 1614).  Here, the proper remedy is to vacate the term of probation imposed on the vehicular assault counts (*see id.*).  We note, however, that the court properly imposed the ignition interlock condition as a component of the three-year term of probation on the conviction under Vehicle and Traffic Law § 1192 (3).  In addition, we agree with the People that the order of commitment must be amended to reflect that defendant's term of postrelease probation is a period of three years to commence immediately upon defendant's release from imprisonment (*see* Penal Law § 60.21; *see generally People v Brooks*, 46 AD3d 1374, 1374).

With respect to appeal Nos. 3 through 6, we reject defendant's contention that the court erred in ordering him to pay restitution to the treating hospital for the costs of medical care of the victims injured as a result of defendant's crimes (*see generally People v McDaniel*, 219 AD2d 861, 861-862, *lv denied* 88 NY2d 850).  We reject defendant's further contention that the court erred in ordering restitution in an amount over $15,000, and we conclude that the court properly exercised its discretion in ordering reimbursement for medical expenses actually incurred by the victims injured as a result of defendant's crimes (*see* Penal Law § 60.27 [5] [b]).  Finally, defendant's contention that one of the injured victims was required to submit medical bills to a no-fault insurer in lieu of restitution is without merit (*see People v Wilson*, 108 AD3d 1011, 1013; *People v Whitmore*, 234 AD2d 1008, 1008; *McDaniel*, 219 AD2d at 861).

We have considered defendant's remaining contentions concerning restitution and conclude that they are without merit.

Entered:  July 10, 2015                        Frances E. Cafarell
                                               Clerk of the Court