Carni and DeJoseph, JJ.
(dissenting). We respectfully dissent and would affirm the judgments of conviction inasmuch as we are constrained by the valid waiver of the right to appeal. We conclude that the record establishes that the waiver was knowingly, voluntarily, and intelligently entered (see People v Lopez, 6 NY3d 248, 256 [2006]). Indeed, the court explicitly stated as “[o]ne other condition” of defendant’s guilty plea that defendant would be required to waive his right to appeal, thereby making clear to defendant “ ‘that the right to appeal [was] separate and distinct from those rights automatically forfeited upon a plea of guilty’ ” (People v Dames, 122 AD3d 1336, 1336 [2014], lv denied 25 NY3d 1162 [2015]; see People v Barber, 117 AD3d 1430, 1430 [2014], lv denied 24 NY3d 1081 [2014]; People v Ware, 115 AD3d 1235, 1235 [2014]). We further conclude that the record as a whole establishes that defendant understood that the waiver of the right to appeal meant that entry of the judgments of conviction upon his plea of guilty would constitute the final disposition of his case.
Present— Whalen, P.J., Peradotto, Carni, Lindley and DeJoseph, JJ.