Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 21, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.
 

 It is hereby ordered that the judgment so appealed from is affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We agree with defendant that his waiver of the right to appeal was not valid because, during the plea colloquy, County Court “conflated the appeal waiver with the rights automatically waived by the guilty plea” (People v Martin, 88 AD3d 473, 474 [1st Dept 2011], affd 19 NY3d 914 [2012]; see People v Harris, 125 AD3d 1506, 1506 [4th Dept 2015], lv denied 26 NY3d 929 [2015]). The court indicated that the waiver of the right to appeal was “[o]ne other condition,” and that statement “was immediately preceded by a colloquy concerning the rights automatically forfeited by a guilty plea” (People v Homer, 151 AD3d 1949, 1949 [4th Dept 2017], lv denied 30 NY3d 950 [2017]; see People v Sanborn, 107 AD3d 1457, 1458 [4th Dept 2013]; see generally People v Lopez, 6 NY3d 248, 256-257 [2006]). In addition, the court further muddied the distinction by indicating that the waiver of the right to appeal “is separate and part [sic] from your plea of guilty,” rather than indicating that it was a condition of the guilty plea but separate from the rights that defendant automatically forfeited by the plea (see generally Lopez, 6 NY3d at 256-257). Consequently, “ ‘the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty’ ” (People v Cooper, 136 AD3d 1397, 1398 [4th Dept 2016], lv denied 27 NY3d 1067 [2016]; see Martin, 88 AD3d at 474). Nevertheless, contrary to defendant’s contention, we conclude that the sentence is not unduly harsh or severe.
 

 All concur except Peradotto and Curran, JJ., who concur in the result in the following memorandum: We respectfully disagree with our colleagues that the waiver of the right to appeal was not valid. In our view, County Court’s oral colloquy, coupled with the written waiver of the right to appeal, was adequate to ensure that the waiver of the right to appeal was a knowing and voluntary choice, and we conclude that the valid waiver encompasses defendant’s challenge to the severity of the sentence.
 

 At the plea proceeding, the court reviewed the rights that defendant was automatically giving up by pleading guilty, i.e., the right to a jury trial, the right to require the People to prove his guilt beyond a reasonable doubt, and the right to testify or call witnesses on his behalf. After defendant confirmed that he understood the rights being forfeited by the guilty plea, the court asked defendant if he “also [u]nderstood that pleading guilty is the same as being found guilty after a trial,” to which defendant responded, “Yes.”
 

 The court then explained to defendant: “One other condition, which is separate and part [sic] from your plea of guilty, and that is that you waive or give up your right to appeal. What that means ... is what you’re doing today is final. This felony plea and conviction will always be on your record, you will have to serve the three-and-one-half years in state prison with two years of post-release supervision we’ve talked about, and there is nothing that you or your attorney will ever be able to do in the future to open this case up or to try and start it over again” (emphasis added). The court then asked defendant, “Do you understand that, sir?” and defendant responded, “Yes, I do.”
 

 The court thereafter inquired whether defendant “had any questions about waiving or giving up his right to appeal” and confirmed that defendant was agreeing to waive or give up his right to appeal “on condition that I give you the sentence we’ve outlined.” Further, the court asked defendant to affirm that he had signed the written waiver of the right to appeal “here in court today after reviewing it with [his] attorney.” The written waiver of the right to appeal covers issues concerning both the sentence and conviction. In our view, the court’s waiver colloquy is adequate to establish that defendant validly waived his right to appeal and that the waiver encompasses defendant’s challenge to the severity of the sentence (see People v Davis, 153 AD3d 1617, 1617-1618 [4th Dept 2017]; People v Morales, 148 AD3d 1638, 1639 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]).
 

 We respectfully disagree with our colleagues that the court conflated the rights that defendant automatically forfeited upon a plea of guilty with the waiver of the right to appeal. As mentioned above, the court confirmed with defendant that he understood the rights being forfeited by the guilty plea, then made an additional inquiry to confirm defendant’s understanding that the guilty plea was the equivalent of a guilty verdict following trial, and only thereafter explained that “one other condition, which is separate and part [sic] from your plea of guilty” was the waiver of the right to appeal. In our view, the court’s separate treatment and prefatory explanation of the waiver of the right to appeal appropriately signaled to defendant that such a waiver was a specific condition of the plea and not a consequence thereof, and “the record reflects that defendant understood that the waiver of the right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v McCarthy, 83 AD3d 1533, 1534 [4th Dept 2011], lv denied 17 NY3d 819 [2011] [internal quotation marks omitted]). Indeed, this Court has upheld colloquies using nearly identical language (see People v Dames, 122 AD3d 1336, 1336 [4th Dept 2014], lv denied 25 NY3d 1162 [2015]; People v Barber, 117 AD3d 1430, 1430 [4th Dept 2014], lv denied 24 NY3d 1081 [2014]; People v Ware, 115 AD3d 1235, 1235 [4th Dept 2014]).
 

 For the above reasons, we conclude that the waiver of the right to appeal was valid and that it encompasses defendant’s challenge to the severity of the sentence.
 

 Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.