People v Holdby (2018 NY Slip Op 00978)





People v Holdby


2018 NY Slip Op 00978


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


94 KA 16-00012

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER HOLDBY, DEFENDANT-APPELLANT. 






LUCILLE M. RIGNANESE, SYRACUSE, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 5, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, County Court properly refused to suppress the guns recovered from an apartment and his statements to the police. The evidence at the suppression hearing established that the police were notified by the apartment manager that maintenance workers found a bag containing two handguns in an apartment that was supposed to be vacant. When the police arrived, defendant was inside the apartment and told the officers that he resided there. Defendant also told the officers that he was on federal probation. The officers contacted defendant's probation officer, who determined that the residence should be searched because defendant was in violation of his probation by using the apartment as a residence without informing the probation officer. During the search conducted by probation officers, the guns were located. We conclude that the search of the residence by the probation officers was lawful (see People v Adams, 126 AD3d 1405, 1405 [4th Dept 2015], lv denied 25 NY3d 1158 [2015]; People v Davis, 101 AD3d 1778, 1779 [4th Dept 2012], lv denied 20 NY3d 1060 [2013]). Contrary to defendant's contention, exigent circumstances were not required for the search. We reject defendant's further contention that his statements should have been suppressed. The questions asked by one of the police officers upon arriving at the apartment were investigatory in nature and did not constitute interrogation (see People v Spirles, 136 AD3d 1315, 1316 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied — US &mdash, 137 S Ct 298 [2016]; People v Shelton, 111 AD3d 1334, 1336-1337 [4th Dept 2013], lv denied 23 NY3d 1025 [2014]).
Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, contrary to defendant's contention, the evidence is legally sufficient to establish that he exercised dominion and control over the area where the firearms were found (see Davis, 101 AD3d at 1779-1780; People v Mattison, 41 AD3d 1224, 1225 [4th Dept 2007], lv denied 9 NY3d 924 [2007]; see generally People v Manini, 79 NY2d 561, 573-574 [1992]). Contrary to defendant's further contention, the home exception of Penal Law § 265.03 (3) is inapplicable inasmuch as defendant committed the crime of criminal possession of a weapon in the fourth degree and stipulated that he had previously been convicted of a crime (see
§§ 265.01 [1]; 265.02 [1]; People v Jones, 22 NY3d 53, 57 [2013]; People v Barber, 117 AD3d 1430, 1431 [4th Dept 2014], lv denied 24 NY3d 1081 [2014]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
The court did not abuse its discretion in denying defendant's CPL 330.30 (1) motion to set aside the verdict on the ground of ineffective assistance of counsel without conducting a hearing (see People v Morgan, 77 AD3d 1419, 1420 [4th Dept 2010], lv denied 15 NY3d 922 [2010]). In support of the motion, defendant submitted a report jointly prepared after trial by his three experts, who analyzed the fingerprint report of the People's expert. Defense counsel asserted in an affirmation in support of defendant's motion that she should have sought an adjournment of the trial to give the defense experts sufficient time to review the People's report. Defense counsel acknowledged, however, that one defense expert had reviewed the People's report prior to trial. In fact, the record establishes that defense counsel raised the same issues during her cross-examination of the People's expert that the defense experts subsequently raised in their posttrial report, thus demonstrating that defense counsel had not needed to seek an adjournment. We therefore conclude that defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings (see People v Nickel, 14 AD3d 869, 872 [3d Dept 2005], lv denied 4 NY3d 834 [2005]; see generally People v Benevento, 91 NY2d 708, 712 [1998]), and thus no hearing was necessary on the motion.
We have considered defendant's remaining contentions and conclude that they are without merit.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court