People v Campagna (2019 NY Slip Op 03495)





People v Campagna


2019 NY Slip Op 03495


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


315 KA 17-00741

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND CAMPAGNA, JR., DEFENDANT-APPELLANT. 






HEIDI S. CONNOLLY, SKANEATELES, FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (DIANE M. ADSIT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 24, 2017. The judgment convicted defendant, upon his plea of guilty, of aggravated vehicular homicide, aggravated vehicular assault, driving while intoxicated, a misdemeanor, and reckless driving. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the term of probation imposed on counts one and five of the amended indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, aggravated vehicular homicide (Penal Law § 125.14 [5]), aggravated vehicular assault (§ 120.04-a [4]), and driving while intoxicated as a misdemeanor (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [b] [i]).
Preliminarily, we conclude that "the imposition of a five-year term of probation with an ignition interlock device with respect to the [aggravated] vehicular [homicide and aggravated vehicular] assault counts is illegal pursuant to Penal Law § 60.21" (People v Giacona, 130 AD3d 1565, 1566 [4th Dept 2015]; see People v Flagg, 107 AD3d 1613, 1614 [2013], lv denied 22 NY3d 1138 [2014]). As relevant here, the mandatory term of probation with an ignition interlock device pursuant to section 60.21 applies only to a defendant convicted of a violation of Vehicle and Traffic Law § 1192 (2), (2-a) or (3) (see Giacona, 130 AD3d at 1566; Flagg, 107 AD3d at 1614). " Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand' " (People v Davis, 37 AD3d 1179, 1180 [4th Dept 2007], lv denied 8 NY3d 983 [2007]). The proper remedy is to vacate the term of probation imposed on the aggravated vehicular homicide and aggravated vehicular assault counts (see Giacona, 130 AD3d at 1566; Flagg, 107 AD3d at 1614), and we therefore modify the judgment accordingly. We note, however, that County Court properly included the ignition interlock condition as a component of the three-year term of probation imposed as part of the sentence on the conviction of misdemeanor driving while intoxicated under Vehicle and Traffic Law § 1192 (2) (see Giacona, 130 AD3d at 1566).
We further conclude that the sentence, as modified, is not unduly harsh or severe.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court