People v Thurston (2022 NY Slip Op 05443)

People v Thurston

2022 NY Slip Op 05443

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

674 KA 16-02370

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRAVIS THURSTON, DEFENDANT-APPELLANT. 

KATHRYN M. FESTINE, UTICA, FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 18, 2016. The judgment convicted defendant upon a plea of guilty of aggravated vehicular homicide and aggravated vehicular assault. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the conditional discharge imposed on count one of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant was convicted upon his plea of guilty of aggravated vehicular homicide (Penal Law § 125.14 [4]) and aggravated vehicular assault (§ 120.04-a [4]). On the count of aggravated vehicular homicide, defendant was sentenced to an indeterminate term of imprisonment of 5 to 15 years with a consecutive 3-year term of conditional discharge with the requirement that defendant install an ignition interlock device on any vehicle operated by him. As defendant contends and the People correctly concede, based on the offenses for which defendant was convicted, Penal Law § 60.21 does not apply (see People v Giacona, 130 AD3d 1565, 1566 [4th Dept 2015]; People v Flagg, 107 AD3d 1613, 1614 [4th Dept 2013], lv denied 22 NY3d 1138 [2014]). Thus, the sentence is illegal insofar as County Court imposed the conditional discharge on the count of aggravated vehicular homicide (see People v Campagna, 172 AD3d 1904, 1905 [4th Dept 2019]; Flagg, 107 AD3d at 1614). "Although this issue was not raised before the [sentencing] court . . . , we cannot allow an [illegal] sentence to stand" (Campagna, 172 AD3d at 1905 [internal quotation marks omitted]). The proper remedy is to vacate the conditional discharge imposed on the count of aggravated vehicular homicide (see generally Giacona, 130 AD3d at 1566; Flagg, 107 AD3d at 1614), and we therefore modify the judgment accordingly.
Finally, we note that the certificate of conviction and uniform sentence and commitment form must be amended to correct a clerical error (see People v Lewis, 185 AD3d 1542, 1543 [4th Dept 2020], lv denied 35 NY3d 1114 [2020]). Both the certificate of conviction and the uniform sentence and commitment form erroneously state that defendant was convicted of aggravated vehicular assault under Penal Law § 120.04 (4), and both should therefore be amended to correctly reflect that defendant was convicted of that offense under Penal Law
§ 120.04-a (4).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court