People v Jones (2022 NY Slip Op 07324)

People v Jones

2022 NY Slip Op 07324

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

759 KA 20-00956

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RUBIN JONES, III, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
RUBIN JONES, III, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered June 12, 2020. The judgment convicted defendant upon his plea of guilty of criminal sexual act in the second degree (two counts) and endangering the welfare of an incompetent or physically disabled person in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sexual act in the second degree (Penal Law § 130.45 [2]) and one count of endangering the welfare of an incompetent or physically disabled person in the first degree (§ 260.25). As an initial matter, defendant correctly contends in his main brief and the People correctly concede that defendant's waiver of the right to appeal is invalid because County Court "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We further agree with defendant that the waiver of the right to appeal is invalid because the court " 'conflated the appeal waiver with the rights automatically waived by the guilty plea' " (People v Smith, 156 AD3d 1336, 1336 [4th Dept 2017], lv denied 31 NY3d 987 [2018]). Consequently, "the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Cooper, 136 AD3d 1397, 1398 [4th Dept 2016], lv denied 27 NY3d 1067 [2016] [internal quotation marks omitted]; see People v Wright, 193 AD3d 1348, 1349 [4th Dept 2021], lv denied 37 NY3d 969 [2021]).
Defendant contends in his main brief that the court should have afforded him the opportunity to withdraw his guilty plea because his statement of innocence at sentencing cast doubts on whether the plea was knowingly, intelligently, and voluntarily entered. Defendant failed to preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (see People v Scales, 118 AD3d 1500, 1500 [4th Dept 2014], lv denied 23 NY3d 1067 [2014]; see generally People v Morrow, 167 AD3d 1516, 1517 [4th Dept 2018], lv denied 33 NY3d 951 [2019]; People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]). We further conclude that defendant failed to preserve for our review his contention in his pro se supplemental brief that he was coerced into taking the plea by statements made by the court (see generally People v Kelly, 145 AD3d 1431, 1431 [4th Dept 2016], lv denied 29 NY3d 949 [2017]; People v Lando, 61 AD3d 1389, 1389 [4th Dept 2009], lv [*2]denied 13 NY3d 746 [2009]).
We reject defendant's contention in his main brief that the sentence is unduly harsh and severe.
Defendant's challenge in his pro se supplemental brief to the legal sufficiency of the evidence before the grand jury does not survive his guilty plea (see People v Hansen, 95 NY2d 227, 232 [2000]; People v Scarbrough, 162 AD3d 1575, 1575 [4th Dept 2018], lv denied 34 NY3d 1081 [2019], reconsideration denied 35 NY3d 974 [2020]; People v Oswold, 151 AD3d 1756, 1756-1757 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]). Review of defendant's contention in his pro se supplemental brief that the indictment contained duplicitous counts was forfeited by his plea of guilty (see People v Bracewell, 26 AD3d 812, 812 [4th Dept 2006], lv denied 7 NY3d 752 [2006]; see generally People v Beattie, 80 NY2d 840, 842 [1992]).
Finally, we note that the certificate of conviction erroneously states that defendant was convicted of endangering the welfare of an incompetent or physically disabled person in the first degree under Penal Law § 265.25, and it must be amended to correctly reflect that defendant was convicted of that offense under Penal Law § 260.25 (see generally People v Thurston, 208 AD3d 1629, 1630 [4th Dept 2022]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court