People v Anderson (2023 NY Slip Op 00782)

People v Anderson

2023 NY Slip Op 00782

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

999 KA 22-00093

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEON ANDERSON, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 12, 2021. The judgment convicted defendant, upon a plea of guilty, of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of rape in the first degree (Penal Law § 130.35 [3]). As defendant contends and the People correctly concede, defendant's waiver of the right to appeal is invalid inasmuch as "County Court mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Somers, 186 AD3d 1111, 1112 [4th Dept 2020], lv denied 36 NY3d 976 [2020]; see also People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, contrary to defendant's further contention, we conclude that his sentence is not unduly harsh or severe.
Finally, we note that the certificate of conviction contains clerical errors (see generally People v Thurston, 208 AD3d 1629, 1630 [4th Dept 2022]). The certificate of conviction erroneously states that defendant was sentenced on July 15, 2019 when, in fact, no sentence was imposed on that date. It further erroneously states that defendant was resentenced on November 12, 2021 when, in fact, November 12 was the first date on which the sentence was pronounced. The certificate of conviction must therefore be amended to correct those
clerical errors.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court